**TAGGED OPINION**



# ORDERED in the Southern District of Florida on January 29, 2007.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

BANKEST CAPITAL CORPORATION,        CASE NO. 04-10941 BKC-AJC

    Debtor.                                             CHAPTER 7
_____/

SONEET KAPILA, as the Chapter 7
Trustee for the estate of
BANKEST CAPITAL CORPORATION.,

    Plaintiff,                                          ADV. NO. 05-1113-BKC-AJC-A

vs.

ESPIRITO SANTO BANK,
a Florida chartered bank,

    Defendant.
_____/

**ORDER DENYING MOTION OF DEFENDANT, ESPIRITO SANTO BANK, AND NON-DEFENDANT, BANCO ESPIRITO SANTO INTERNATIONAL, LTD., FOR PROTECTION CONCERNING PLAINTIFF'S EXAMINATION OF VICTOR BALESTRA**

1

Case No. 05-1113- BKC-AJC-A
_____

This matter came before the Court for hearing on December 20, 2006 at 10:30 a.m. on the Motion of Defendant, Espirito Santo Bank, and Non-defendant, Banco Espirito Santo International, Ltd., for Protection Concerning Plaintiff's Examination of Victor Balestra[1] (DE # 100)(the "Motion"). The Court having reviewed the Motion, heard argument of counsel, and being otherwise duly advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

1.  The Motion is denied. The deponent, Mr. Balestra, is the corporate representative of a party defendant and of a significant third party corporate witness. Movants seek an order from this Court requiring that all aspects of Mr. Balestra's be kept confidential. However, the Court finds that movants have not presented the compelling circumstances that would justify imposing a cloak of secrecy over a deposition in a judicial proceeding.

2.  In In re Thrifty Dutchman, Inc., 97 B.R. 111 (Bankr.S.D.Fla. 1989) (Cristol, J.), this Court held that a non-party, simply by virtue of its status as a member of the public, was allowed to attend a deposition, stating:

> The court .... further determines that *depositions are public proceedings to which the public has access unless compelling reasons exist for denying access*.

Id. at 111, citing American Telephone & Telegraph Co. v. Grady, 594 F.2d 594 (7th Cir. 1979)(emphasis in original).

---

[1] Mr. Balestra is scheduled to testify at deposition in this adversary proceeding in multiple capacities, including, without limitation, as corporate representative of the defendant, Espirito Santo Bank, and as corporate representative of non-party witness Banco Espirito Santo International, Ltd. ("BESIL").

Case No. 05-1113- BKC-AJC-A
_____

      3.    A comparison of the facts of the cases cited by movants to the facts of this case clearly demonstrates the <u>lack</u> of any compelling basis for confidentiality in this case:

      In <u>Farnsworth v. Procter & Gamble,</u> 758 F.2d 1545 (11th Cir. 1985), Procter & Gamble ("P&G") learned that its opponent in a products liability case intended to rely upon a independently conducted study concerning the link between tampon usage and Toxic Shock Syndrome. P&G sought to learn the identities of, and subpoena, every woman who had participated in the study, which had involved information "of a highly personal nature" concerning the participants' medical histories, sexual practices, contraceptive methods, and other potentially embarrassing information. *Id.* at 1546. The Court of Appeals held that the District Court had properly ruled that the participants' privacy expectations outweighed P&G's discovery needs.

      In <u>U.S. v. Andersen</u>, 799 F.2d 1438 (11th Cir. 1986), the court held that a newspaper was not entitled to discovery materials in a criminal case that would have identified unindicted individuals who had been involved in an alleged public corruption and bribery scheme. Defendant places much emphasis on <u>Anderson</u>, but that emphasis is misplaced. <u>Anderson</u> did not approve of conducting a deposition in secret. It involved endorsing a confidentiality agreement between the prosecution and the defense in a criminal case, involving a 166 page indictment containing 45 counts against thirty defendants where certain documents had been delivered "in camera" and the court had ordered same sealed. If the parties in this case reach an agreement as to the confidentiality of a document or a line of questioning, the Court would be open to endorsing such an agreement.

      4.    However, this case does not present issues or concerns such as those raised in <u>Farnsworth</u> (privacy for participants in a sensitive medical study), or <u>Andersen</u> (right of the press to

Case No. 05-1113- BKC-AJC-A
_____

obtain sensitive discovery materials that might stigmatize innocent persons).  Movants' concern here is purely tactical: They are involved in pending litigation with other parties, and do not want their opponents in those cases to have access to Mr. Balestra's forthcoming deposition in this adversary proceeding.  Movants have cited no privileged or otherwise proprietary or confidential information that they fear will be disclosed at Mr. Balestra's deposition; they simply chafe at the notion that the deposition might be reviewed or used by their opponents in the other litigation.

     5.     Movants' tactical concerns in this case simply do not warrant extraordinary judicial intervention, or  imposition of a confidentiality order, relative to the deposition of Mr. Balestra, a designated representative of a party to this adversary proceeding.  The Court finds that concerns for open judicial proceedings are the same here as they were in Thrifty Dutchman, *supra*, and earlier this year in the instant case, when Plaintiff sought to take a non-public Fed.R.Bankr.P. 2004 examination of the Debtor's pre-petition counsel, Mark Scheer of the Gunster Yoakley law firm. BESIL opposed the confidentiality of that proposed examination as being "unorthodox and unlawful." (See Transcript of May 2, 2006 hearing  at 8-9)(DE #246 in In re Bankest Capital Corp., Case No. 04-10941-BKC-AJC)(argument of BESIL's counsel, Mr. Singerman).

     This Court agreed, noting that:

> The most important element in the conduct of judicial proceedings in this Court and in the United States is that everything be done in the sunshine. There are certain rare instances when we throw over cloaks of secrecy and close files. This is not one of them. ... I will not cast a cloak of secrecy over proceedings of this nature. Other creditors have every right to attend the 2004, and in the absence of a serious threat such as the life of a person or some other really serious meaningful reason, the Court will not go along with conducting proceedings in secret.

Case No. 05-1113- BKC-AJC-A
_____

*Id.* at 15-16. The same analysis applies here: Movants' concern that their opponents in other litigation not see Mr. Balestra's deposition simply does not justify imposition of confidentiality restrictions.

6. This analysis is consistent with this Court's holding in Thrifty Dutchman, *supra*. The Court is unpersuaded by, and declines to follow, the lone case cited by movants to the contrary, Milsen Co. v. Southland Corp., 1972 WL 536 (N.D.Ill. 1972), an unreported 1972 decision where the court held that plaintiffs could not share discovery documents with third parties because said third parties might use them in litigation against the defendant.

7. The Court also notes that the Federal Rules of Evidence and Federal Rules of Civil Procedure reinforce the policy of open access to deposition testimony, even by parties to other litigation with the deponent. Fed.R.Evid. 804(b)(1) creates an exception to the hearsay rule, when the declarant is unavailable at trial, for testimony taken at a deposition "in the course of the same or another proceeding," if there was a similar motive and opportunity to develop the testimony by direct, cross, or redirect examination. Fed.R.Civ.P. 32(a) provides that "a deposition previously taken may also be used as permitted by the Federal Rules of Evidence." *See, e.g.*, Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738 (11th Cir. 2002)(allowing defendant's deposition in earlier action to be used against him in a subsequent action).

8. In conclusion, the Court finds that the policy of conducting open judicial proceedings far outweighs the purely strategic concerns of the movants in this particular case.

###

Case No. 05-1113- BKC-AJC-A
_____

Copies furnished to:

Charles W. Throckmorton
Paul S. Singerman, Esq.
Steven W. Thomas, Esq.
Patricia A. Redmond, Esq.
Harley E. Riedel, Esq.
Paul J. McMahon, Esq.
Arthur H. Rice, Esq.

[Attorney Throckmorton is directed to serve copies of this order on all interested parties and to file a certificate of service]